UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DEBRA MARK,

    Plaintiff,

v.                                                          Civil Action No. 5:19-cv-00547

GENTIVA CERTIFIED HEALTHCARE
CORP. d/b/a KINDRED AT HOME and
RUTH KELLEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Debra Mark's Motion to Continue and Vacate all Case Deadlines and Motion to Withdraw as Counsel [Doc. 14], filed September 11, 2020.

**I.**

On August 29, 2019, the Court entered a Scheduling Order [Doc. 8] with a discovery deadline of May 8, 2020, and a trial date of October 26, 2020. Counsel for the Defendants Gentiva Certified Healthcare Corp. d/b/a Kindred at Home ("Gentiva") and Ruth Kelley served written discovery upon Ms. Mark on September 29, 2019 [Doc 11]. Despite her lawyers' efforts, when the COVID-19 Pandemic struck the United States in March 2020, Ms. Mark became unresponsive. She has remained so to date. Ms. Mark's lawyers informed her by email on May 26, 2020, that her lack of cooperation would result in their moving to withdraw [Doc. 14-1]. Ms. Mark has not responded to that communication. Ms. Mark was further directed by the Court to appear at the October 9, 2020 hearing [Doc. 21]. While the Order to that effect was sent certified mail, return receipt requested, the communication was returned as undeliverable. Consequently,

Ms. Mark did not appear as directed. Had Ms. Mark kept the Clerk informed concerning her current address, she would have seen the following admonition accompanying the setting of the hearing:

> Plaintiff Debra Mark is directed to appear in person. Failure to appear will be treated as failure to prosecute and will likely lead to dismissal of the action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[Doc. 21 at 1].

## II.

*Federal Rule of Civil Procedure* 41(b) permits the *sua sponte* dismissal of an action for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) ("[A] court has the 'inherent power' to dismiss an action for want of prosecution."). Dismissal hinges on the particular circumstances of the case, and involves consideration of the following four, nonexclusive factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).

Respecting personal responsibility, Ms. Mark alone is responsible for her failure to participate in the case and to appear as directed. Respecting prejudice, Gentiva and Kelley have waited months for Ms. Mark to advance this matter. As long ago as May 26, 2020, Ms. Mark's own lawyers counseled her that a continued lack of communication would result in their departure from the case. Respecting dilatoriness, as noted, Ms. Mark has essentially sidelined further development of this action. Regarding less drastic sanctions, Ms. Mark's complete disappearance,

failure to communicate, and inability to even update the Clerk regarding a forwarding address all dictate dismissal is the only sanction suitable under the circumstances.

### III.

Based upon the foregoing discussion, and consideration of the entirety of the record, it is hereby **ORDERED** as follows:

1. The Court **GRANTS** the Motion to Continue and Vacate all Case Deadlines and Motion to Withdraw as Counsel [Doc. 14];

2. The Court **DISMISSES** this action without prejudice and it is stricken from the docket; and

3. The dismissal without prejudice constitutes a non-merits adjudication under *West Virginia Code* § 55-2-18.

The Clerk is directed to send a copy of this written opinion and order to all counsel of record and any unrepresented parties. The Clerk shall also send a copy, via certified mail, return receipt requested, to Ms. Mark at her last known residence.

ENTERED: October 14, 2020

Frank W. Volk
United States District Judge